IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CV-17-FL

| | | |
|---|---|---|
| DELORIS HARGROVE WHITEHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (DE ## 21, 26). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") wherein he recommended that the court deny plaintiff's motion, grant defendant's motion, and uphold the Commissioner's final decision (DE # 28). Plaintiff timely objected to the M&R, and defendant responded. In this posture, the issues raise are ripe for ruling. For the reasons that follow, the court adopts the findings and conclusions of the magistrate judge as its own and upholds the Commissioner's final decision.

## STATEMENT OF THE CASE

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on June 2, 2006, alleging disability beginning May 1, 2004. Plaintiff's claims were denied initially and upon reconsideration. On February 4, 2009, plaintiff appeared before an administrative law judge ("ALJ"). At this hearing, plaintiff was represented by counsel, and testimony was received from a medical expert ("ME"), a vocational expert ("VE"), and

plaintiff's daughter. On March 27, 2009, the ALJ issued a decision denying plaintiff's application. On December 30, 2009, the Appeals Council denied plaintiff's request for review, thereby establishing the ALJ's determination as the final decision of the Commissioner.

On February 4, 2010, after her request to proceed *in forma pauperis* was allowed, plaintiff filed complaint in this court seeking review of the Commissioner's final decision. Defendant answered on March 24, 2010. Plaintiff moved for judgment on the pleadings on May 21, 2010, and defendant followed suit on August 18, 2010. The matter was referred to the magistrate judge, who entered his M&R on September 30, 2010. Plaintiff timely objected to the M&R on October 8, 2010, and defendant responded on October 18, 2010.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the Commissioner's denial of benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." 28 U.S.C.

§ 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B. Analysis

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

The magistrate judge found that the ALJ properly went through this five-step sequence in finding plaintiff not disabled. At step one, the ALJ found that plaintiff was no longer engaged in substantial gainful employment. At steps two and three, he determined that plaintiff's bilateral knee pain – degenerative joint disease; pain in left shoulder, right shoulder, left hip, and both hands; hypertension; and gastroesophageal reflux disease were severe impairments, but did not meet or

exceed any listed impairment. Prior to step four, the ALJ found plaintiff's statements about the extent of her limitations not fully credible, and determined that plaintiff had the residual functional capacity ("RFC") to perform light work based on the medical record and the testimony of the ME. At step four, the ALJ determined that plaintiff had the ability to return to her past relevant work as a small-product assembler and a cleaner/housekeeper.

Plaintiff makes two objections to the magistrate judge's recommendation that the court uphold the determination of the ALJ. First, plaintiff argues that the magistrate judge erred in finding that the ALJ made the necessary findings in support of his credibility determination. Second, plaintiff argues that the magistrate judge erred in recommending the court uphold the ALJ's conclusion that plaintiff is capable of performing her past relevant work.

1. The ALJ's Credibility Determination

An ALJ employs a two-step process in evaluating the intensity, persistence, and limiting effects of symptoms on a claimant's ability to perform basic work. See Craig, 76 F.3d at 594; SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996). "First, the ALJ must determine whether medically determinable mental or physical impairments can produce the symptoms alleged. Second, the ALJ must evaluate the claimant's testimony about his subjective experiences." Fisher v. Barnhart, 181 F. App'x 359, 363 (4th Cir. 2006) (per curiam) (citing Craig, 76 F.3d at 591-96). The ALJ must consider the entire record in making its determination. 20 C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186 at *4. In addition to the objective medical evidence, the ALJ must consider certain enumerated factors, such as the effect of symptoms on the claimant's daily life activities. 20 C.F.R. § 404.1529(c)(3). "The reasons for the [ALJ's] credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p, 1996 WL 374186 at *4.

Plaintiff does not argue that the ALJ failed to engage in the two-step process described above to reach his conclusion. Indeed, the magistrate judge correctly noted that the ALJ summarized in detail the objective medical evidence contained in plaintiff's medical records and expressly considered the factors set forth in 20 C.F.R. § 404.1529(c)(3). Instead, plaintiff contends that the ALJ's credibility determination is not supported by substantial evidence because, taken as a whole, the evidence supports plaintiff's testimony regarding her symptoms and limitations.

The court "cannot make credibility determinations," but may review whether substantial evidence supports the ALJ's credibility assessment. Johnson, 434 F.3d at 658. As previously noted, "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson, 402 U.S. at 401, requiring "more than a mere scintilla of evidence but . . . less than a preponderance," Laws, 368 F.2d at 642. Here, the ALJ relied on substantial evidence in determining that plaintiff's allegations of pain were not consistent with the entire record, including plaintiff's own description of her daily routine and medical records from multiple physicians – including one who opined that plaintiff could return to regular work without restrictions – regarding plaintiff's range of movement, her subjective complaints during treatment, her pain management routine, and her medication noncompliance. It is not within the court's power to second guess the ALJ's well-supported determination. See Mickles v. Shalala, 29 F.3d 918, 929 (4th Cir. 1994) (Luttig, J., concurring) ("Subject only to the substantial evidence requirement, it is the province of the [ALJ], and not the courts, to make credibility determinations . . . .").

2. Plaintiff's RFC and Her Ability to Perform Past Relevant Work

At step four of the five-step sequential inquiry, the ALJ considers a claimant's ability to return to past relevant work in light of his or her RFC. See 20 C.F.R. § 404.1520(a)(4)(iv). RFC

is "what an individual can still do despite his or her limitations," and is defined as "the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis . . . ." SSR 96-8p, 1996 WL 374184 at *2 (July 2, 1996) (emphasis in original). The ALJ compares the claimant's RFC to "the physical and mental demands of [claimant's] past relevant work" to determine whether claimant is disabled under step four of the inquiry. 20 C.F.R. § 404.1520(f). "The claimant is the primary source for vocational documentation [about the requirements of her past relevant work]," although the ALJ also considers medical evidence and supplementary information from other sources. SSR 82-62, 1982 WL 31386 at *3 (1982).

Plaintiff appears to challenge both the ALJ's determination of her RFC and his conclusion that she retains the ability to perform her past relevant work as a small-product assembler and a cleaner/housekeeper. Plaintiff contends that the ALJ did not sufficiently explain his rationale in assessing her RFC. She argues that she offered credible testimony about the demands of her past work, and her inability to perform this work due to pain in her knees and hands. Finally, plaintiff contends that the ALJ's finding that she is capable of performing past relevant work is unsupported by the evidence.

The ALJ's consideration of plaintiff's RFC largely depended on the credibility determination regarding plaintiff's allegations of pain, which determination the court has already found to have been supported by substantial evidence. Based on the two-step "pain" inquiry detailed above, the ALJ found that plaintiff was capable of performing unskilled light work. As defined in the regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . [A] job is ['light work'] when it requires a good deal of walking or standing . . . ." 20 C.F.R. § 404.1567(b). The finding that plaintiff can perform

"light work" is consistent both with the medical records relied upon by the ALJ and with the ALJ's determination about the credibility of plaintiff's allegations of pain. The RFC determination was supported by substantial evidence, and must not be disturbed.

In light of the ALJ's finding that plaintiff was capable of light work, it was not error to determine that she could return to her past relevant work as a small-product assembler or cleaner/housekeeper. The VE testified that each of these jobs were classified as unskilled light work. See 20 C.F.R. § 404.1560(b)(2) ("A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work . . . ."). The VE's assessment was consistent with plaintiff's testimony that she occasionally had to lift twenty (20) pounds and frequently had to stand and walk. Having determined that plaintiff retained the RFC to perform unskilled light work, it was not error to conclude that she could return to her past relevant work properly classified at the same level.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon a considered review of the uncontested portions of the M&R, the court ADOPTS in full the findings and recommendations of the magistrate judge (DE # 28) as its own. Plaintiff's motion for judgment on the pleadings (DE # 21) is DENIED, and defendant's motion for judgment on the pleadings (DE # 26) is GRANTED. The final decision of the Commissioner is upheld. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of October, 2010.

J. S.
LOUISE W. FLANAGAN
Chief United States District Judge

7